IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 1:25-cv-314-UA-JEP

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | |
| v. | |
| SUNNYBROOK REHABILITATION CENTER, L.L.C., TREYBURN REHABILITATION CENTER, L.L.C., SOUTHERN HEALTHCARE MANAGEMENT, L.L.C., WELLINGTON HEALTHCARE, L.L.C., and CONSULATE MANAGEMENT COMPANY III, L.L.C., | PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS |
| Defendants. | |

Plaintiff, by and through undersigned counsel, respectfully submit this memorandum of law in support of his Motion for Leave to Proceed Using Pseudonyms pursuant to Fed. R. Civ. P. 7 and L.R. 7.3.

Plaintiff is a person with a disability denied admission to nursing facilities based on his substance use disorder (SUD), including past or current use, in violation of federal disability rights laws and the North Carolina Unfair and Deceptive Practices Act (UDPA). The named Defendants operate and own the facilities that denied Plaintiff needed care based on SUD.

Plaintiff seeks the Court's permission to use pseudonyms for himself to protect his access to care. He is in the vulnerable position of needing 24-hour care from an industry in which stigma against individuals with SUD is commonplace, as described in his Complaint (ECF No. 1 at ¶¶ 26 – 28.), and this case will require him to disclose sensitive

1

and personal details about his SUD and drug use into the public record. Allowing Plaintiff to use pseudonyms guards against disruptions in his current care and avoids diminishment of his access to future care, does not inhibit Defendants' ability to conduct discovery, and allows the parties to publicly debate important issues concerning the rights of patients with SUD without fear of retaliation or reprisal against Plaintiff. Plaintiff respectfully requests to use pseudonyms for himself and the first names only of his relatives to prevent Plaintiff's identity from public disclosure and preserve his access to necessary care.

## ARGUMENT

Allowing Plaintiff to proceed anonymously is critical to shield Plaintiff from further discrimination and the denial of care that historically results when he discloses his SUD and past or current drug use. There is a "long tradition in both federal and state courts of permitting parties to proceed anonymously when they have a strong privacy interest in doing so." *Anonymous v. Legal Servs. Corp. of P.R.*, 932 F. Supp 49, 50 (D.P.R. 1996). The Fourth Circuit permits a plaintiff to proceed anonymously where "compelling concerns relating to personal privacy or confidentiality" outweigh "the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F. 3d 246, 273–74 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Courts consider the following nonexclusive factors in determining whether a party should be permitted to litigate pseudonymously:

> [a] Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [b] whether identification poses a risk of retaliatory physical or mental harm to requesting party or even more critically, to innocent nonparties; . . . [e] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Pub. Citizen*, 749 F. 3d at 273 (citing *Jacobson*, 6 F.3d at 238). As described in more detail below, Plaintiff has a strong interest in keeping his identity private by using pseudonyms for himself and the first names only of his relatives in this litigation to enforce his civil rights.

I. **Plaintiff's Access To Care Will Be Jeopardized If He Cannot Proceed Pseudonymously Because Of Persistent Bias And Stigma Against Individuals With SUD.**

Plaintiff requires anonymity to ensure that he is able to disclose highly sensitive information about his SUD and past or current substance use during this litigation without fear of jeopardizing his current 24-hour care or access to future care. Use of pseudonyms in cases regarding the rights of individuals with SUD is permitted in the Fourth Circuit. *See A Helping Hand, LLC v. Balt. Cnty.*, 515 F.3d 356 (4th Cir. 2008) (case caption naming several individual plaintiffs with SUDs using pseudonyms). Use of pseudonyms are often permitted by courts to avoid highly personal and stigmatizing disclosures about SUD. *See M.O. v. Brightview LLC*, No. 1:25-CV-00015-JPH, 2025 U.S. Dist. LEXIS 14265, at *1, *3 (S.D. Ohio, Jan. 27, 2025) ("Numerous courts have found that mental illness and drug addiction are personal and sensitive and that disclosure of those conditions, especially because of social stigma attached to them, may intrude on a plaintiff's privacy."); *Innovative Health Sys. v. City of White Plains*, 931 F. Supp. 222,

3

228 (S.D.N.Y. 1996) (naming several plaintiffs with SUDs using pseudonyms). Plaintiffs with mental illness, a highly stigmatized disability like SUD, are also often permitted to proceed pseudonymously to preserve confidentiality and avoid further harmful effects from the disclosure of this stigmatizing information. *See e.g. Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("Examples of areas where courts have allowed pseudonyms include cases involving . . . mental illness[.]" (internal citation omitted)); *Roe v. CVS Caremark Corp.*, No. 4:13-CV-3481-RBH, 2014 U.S. Dist. LEXIS 193843, at *1, *7 (D.S.C. Sept. 11, 2014) ("Plaintiff seeks to preserve confidentiality of his alleged mental disabilities, which is certainly sensitive and highly personal information."); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (holding plaintiff suffered from mental illness could proceed anonymously and explaining that "there is a significant stigma associated with being identified as suffering from mental illness").

There is significant stigma associated with disclosing an SUD diagnosis. Patients with SUD are 94% more likely to have their skilled nursing referrals denied than patients without SUD. Kimiam Waters, *et al.*, *Substance Use Disorder as a Predictor of Skilled Nursing Facility Referral Failure*, 1 J. Gen. Intern. Med., 3506, 3506–08 (2022). Research shows that healthcare professionals commonly harbor stigma toward patients with SUD and have reported negative attitudes toward, lower regard for working with, and little motivation to care for patients with SUD. Fong et al., *Medical Provider Stigma Experienced by People who Use Drugs (MPS-PWUD): Development and Validation of a Scale Among People Who Currently Inject Drugs in New York City*, 221 DRUG &

4

ALCOHOL DEPENDENCE, 1, 3 (2021). Stigma toward people who use or used substances often results in suboptimal care, exclusion from services, and worse patient outcomes. Van Boekel et al., *Stigma Among Health Professionals Towards Patients with Substance Use Disorders and its Consequences for Healthcare Delivery: Systematic Review*, 131 DRUG & ALCOHOL DEPENDENCE 23, 33 (2013); Ali Cheetham et al., *The Impact of Stigma on People with Opioid Use Disorder, Opioid Treatment, and Policy*, 2022:13 SUBSTANCE ABUSE & REHAB 1, 5 (2022).

Plaintiff is an individual with SUD and several serious physical disabilities. (Compl., ECF No. 1, ¶¶ 2-3, 18-19.) He is currently unable to live alone and manage all aspects of his care and requires the 24-hour care offered by Defendants' nursing homes. (*Id.* at ¶¶ 3-4.) Plaintiff was denied admission to the Defendants' nursing homes due to his SUD and history of substance use. (*Id.* at ¶¶ 6-7, 11, 33-34, 45-48, 54-56.) Plaintiff requires ongoing 24-hour care (*Id.* at ¶¶ 3), and risks serious consequences to his health in the absence of care provided by nursing facilities such as those operated by Defendants. If Plaintiff publicly discloses his identity, he risks disruption of his current care and access to future care due to the highly stigmatizing nature of SUD.

The sensitive and highly stigmatizing nature of Plaintiff's disabilities and substance use disclosed in the lawsuit supports allowing Plaintiff to proceed anonymously and to refer to his family members by first names only throughout the lawsuit to avoid retaliation and other harm to his health.

**II. Permitting Plaintiff To Use Pseudonyms Does Not Prejudice Defendants And Will Not Impede The Parties' Ability To Conduct Discovery.**

Defendants will not be denied discovery or otherwise prejudiced if Plaintiff uses pseudonyms. "Courts generally find little to no risk of unfairness to an accused defendant . . . where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Plaintiff's request for anonymity only serves to limit public disclosures of his identity and does not limit or inhibit Defendants' ability to pursue or obtain discovery.

Granting Plaintiff leave to proceed using pseudonyms similarly will not impair the public's interest in open judicial proceedings. An order granting "anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them"; nor does it destroy the "assurance of fairness preserved by public . . . trial[s]." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The public will still have access to information about the instant lawsuit, including the issues and legal arguments raised and the final disposition, as well as access all non-sealed filings and the redacted version of sealed documents. Indeed, the use of pseudonyms ensures Plaintiff is free to provide the Court with robust factual information about sensitive and personal details about his SUD in the public record without fear of jeopardizing his access to care, ensuring that the legal issues and arguments regarding the health care rights of people with SUD are available to the public.

Permitting Plaintiff to proceed using pseudonyms protects him against SUD-based stigma in the nursing and healthcare industry but is not unfair to Defendants, who will be permitted to pursue discovery and otherwise fully advance their case.

**CONCLUSION**

Permitting Plaintiff to proceed anonymously protects his privacy and access to care, does not diminish Defendants' ability to pursue and obtain discovery, and ensures the public has ready access to the legal and factual issues in the case. The nature of the lawsuit strongly supports permitting Plaintiff to proceed using pseudonyms for himself and the first names only of his relatives. Plaintiff respectfully requests that the Court grant Plaintiff's accompanying Motion to Proceed Using Pseudonyms.

This the 5th day of May, 2025.

Respectfully submitted,

/s/ Holly Stiles
Holly Stiles
N.C. State Bar No. 38930
Christopher A. Hodgson
N.C. State Bar No. 50135
Sara Harrington
N.C. State Bar No. 28565
DISABILITY RIGHTS
NORTH CAROLINA
801 Corporate Center Drive, Suite 118
Raleigh, NC 27607
Phone: (919) 856-2195
Fax: (919) 856-2244
holly.stiles@disabilityrightsnc.org
chris.hodgson@disabilityrightsnc.org
sara.harrington@disabilityrightsnc.org

/s/ Rebekah Joab
Rebekah Joab*

N.Y. State Bar No. 5818448
Sally Friedman*
N.Y. State Bar No. 2474948
LEGAL ACTION CENTER
225 Varick St, 4th Floor
New York, NY 10014
Phone: (212) 243-1313
Fax: (212) 675-0286
rjoab@lac.org
sfriedman@lac.org
**by Special Appearance*


ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF WORD COUNT

Counsel of Record hereby certifies pursuant to Local Rule 7.3(d)(1) that the foregoing memorandum of law contains less than 6,250 words. Counsel relies upon the word count feature of word processing software in making this certification.

Date: May 5, 2025

Respectfully submitted,

/s/ Holly Stiles
Holly Stiles
N.C. State Bar No. 38930

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2025, I filed the foregoing Memorandum of Law in Support of Motion for Leave to Proceed Using Pseudonyms with the Clerk of the Court using the CM/ECF system and by depositing a copy of the same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

> Corporation Service Company
> Registered Agent for Defendants Wellington Healthcare, L.L.C. & Consulate Management Company, III, L.L.C.
> 2626 Glenwood Avenue, Suite 550
> Raleigh, NC 27608

> Cogency Global Inc.
> Registered Agent for Defendants Treyburn Rehabilitation Center, L.L.C., Sunnybrook Rehabilitation Center, L.L.C., & Southern Healthcare Management, L.L.C.
> 2810 Coliseum Centre Drive, Suite 120
> Charlotte, NC 28217

This the 5th day of May, 2025.

> /s/ Holly Stiles
> Holly Stiles
> North Carolina Bar No. 38930
> DISABILITY RIGHTS NC
> 801 Corporate Center Drive, Suite 118
> Raleigh, NC  27607
> Phone: (919) 856-2195
> Fax: (919) 856-2244
> Holly.stiles@disabilityrightsnc.org
>
> ATTORNEYS FOR PLAINTIFF