IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 1:25-cv-314-UA-JEP

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SUNNYBROOK REHABILITATION CENTER, L.L.C., TREYBURN REHABILITATION CENTER, L.L.C., SOUTHERN HEALTHCARE MANAGEMENT, L.L.C., WELLINGTON HEALTHCARE, L.L.C., and CONSULATE MANAGEMENT COMPANY III, L.L.C.,<br><br>    Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED USING PSEUDONYMS** |

Defendants, Sunnybrook Rehabilitation Center, LLC, Treyburn Rehabilitation Center, LLC, and Southern Healthcare Management, LLC, pursuant to L.R. 7.2, submit the following Memorandum of Law In Opposition to Plaintiff's Motion to Proceed Using Pseudonyms.

## INTRODUCTION

Plaintiff filed a Motion for Leave to Proceed Using Pseudonyms, asking the Court to allow him to use a pseudonym for himself and first names only for any relatives throughout this litigation. This Court should deny Plaintiff's Motion because this case does not involve the exceptional circumstances needed for pseudonymous litigation in the Fourth Circuit. Indeed, all five of the *James* factors weigh against anonymity in this case.

1

The people whom Plaintiff contends he seeks to shield his identity from—the skilled nursing facility in which he currently resides and any skilled nursing facility he applies to for admission in the future—already know or will know his true identity and must necessarily be aware of his medical conditions and have access to his medical records.

**STATEMENT OF RELEVANT ALLEGED FACTS**

Plaintiff alleges in his Complaint that he is a person with a substance use disorder (SUD), he has several physical disabilities, and he is currently unable to live alone and manage all aspects of his care. (Compl., ECF No. 1, ¶¶ 2-3). Plaintiff alleges that he was hospitalized three times and each time the hospital's plan was to discharge him to a nursing home, but Defendants denied him admission to their facilities "upon learning of his SUD, including past or current use." (Compl., ECF No. 1, ¶¶ 4-6). Plaintiff alleges that Defendants' denials of his admission were based on discriminatory criteria in violation of federal and state laws. (Compl., ECF No. 1, ¶¶ 1, 11, 13-14).

**ARGUMENT**

*Standard of Review*

District courts have discretion to decide whether to permit parties to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). A district court abuses this discretion when it fails or refuses to exercise this discretion, fails to properly consider the judicially recognized factors constraining it, or allows use of a pseudonym based on erroneous factual or legal premises. *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023)

2

(citations omitted).

## I. Plaintiff should not be allowed to proceed in this litigation using pseudonyms because this case does not involve the required exceptional circumstances.

The Federal Rules of Civil Procedure demand that a complaint must name all the parties. Fed. R. Civ. P. 10(a). This rule enforces "the general presumption of openness of judicial proceedings" grounded in the First Amendment and common law. *Doe*, 85 F.4th at 210 (citations omitted).

As the U.S. Court of Appeals for the Fourth Circuit recently explained when affirming denial of a plaintiff's motion to use a pseudonym, "pseudonymous litigation *undermines* the public's right of access to judicial proceedings because the public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe,* 85 F.4th at 210-211 (emphasis added) (marks and citations omitted). *See also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) ("This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." (marks and citation omitted)).

A district court may only allow pseudonymous litigation in "exceptional circumstances" where privacy or confidentiality concerns are "sufficiently critical that parties or witnesses should be allowed this *rare* dispensation." *Doe,* 85 F.4th at 211 (marks and citation omitted). Indeed, the Fourth Circuit imposes on the district court "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in

3

openness and any prejudice that anonymity would pose to the opposing party." *Id.* (citation omitted).

The Fourth Circuit instructs district courts to consider five non-exhaustive factors ("the *James* factors") to decide whether to allow a party to use a pseudonym:

> (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and,
>
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (marks omitted) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014)).

In this case, all five of the *James* factors weigh against anonymity, and therefore this Court should deny Plaintiff's Motion.

### A. Asserted justification for pseudonym

The first *James* factor is "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature." *James*, 6 F.3d at 238. For the reasons explained below, this factor weighs against allowing Plaintiff to use pseudonyms in this case.

Plaintiff asserts in his Motion and supporting brief that the reason he seeks the Court's permission to use a pseudonym for himself is "to ensure he is able to disclose highly sensitive information about his SUD and past or current substance use during this litigation without fear of jeopardizing his current 24-hour care or access to future care." Plaintiff cites general research to support his belief that stigma associated with a diagnosed SUD and drug use *could* disrupt his current care and access to future care. Notably, however, he alleges in the Complaint that he has lived in his current nursing facility since May 2024, but does *not* allege that he has experienced any disruptions to his current care or suboptimal care due to his SUD, or for any other reason, during the year he has lived there. (Compl., ECF No. 1, ¶ 9). His current residential facility undoubtedly knows his identity and possesses his medical records, and thus knows about his SUD. Further, information about Plaintiff's SUD[1] will necessarily be shared with any nursing facility he applies to in the future, as part of his medical records needed to assess him for admission and to develop his care plan if he is admitted—***regardless of whether his identity is revealed in this litigation***. The same goes for a positive test result evidencing current illegal drug use.[2]

---

[1] It is unclear whether Plaintiff has a diagnosed SUD. The Complaint alleges that Plaintiff "is a person with a substance use disorder (SUD)" and "has been treated for SUD in several inpatient and outpatient programs." (Compl., ECF No. 1, ¶ 2). However, the Complaint does not specifically allege that Plaintiff has been diagnosed with a SUD.

[2] Plaintiff forecasts that current drug is at issue in this case by alleging that Defendants "have denied him admission upon learning of his SUD, including past or current drug use." (Compl., ECF No. 1, ¶¶ 1, 6, 11, 13).

5

Allowing Plaintiff to shield his identity in this litigation would not overcome the reality that Plaintiff cannot shield his medical records from a nursing facility in an effort to influence an admissions decision or decisions about his care. Those who would presumably adversely alter Plaintiff's current 24-hour care or deprive him of access to future care on the basis of his SUD or past or current drug use *either already know or will know his true identity*. Therefore, Plaintiff's asserted fear that using his own name in this lawsuit will jeopardize his current 24-hour care or access to future care is unfounded. Because Plaintiff has failed to offer sufficient justification for this Court to conceal his identity, the first *James* factor weighs <u>against</u> allowing Plaintiff to use a pseudonym in this case.

Plaintiff's reliance on *A Helping Hand, LLC et al. v. Baltimore County, MD et al.*, 515 F.3d 356 (4th Cir. 2008) to support his contention that use of pseudonyms in cases regarding the rights of individuals with SUDs is permitted in the Fourth Circuit is misplaced. Importantly, whether the trial court abused its discretion by allowing the Doe plaintiffs to use pseudonyms was not at issue in that case. *See id.* at 361. There is no discussion in the opinion about whether pseudonymity was appropriate in those circumstances, and the panel did not apply the *James* factors. *See id.* At best, *A Helping Hand* is just one identifiable case where plaintiffs with SUDs used pseudonyms in a case in federal district court in Maryland.

Even if *A Helping Hand* could be stretched to stand for the proposition that use of pseudonyms in cases regarding the rights of individuals with SUDs has been sanctioned by

an appellate panel in the Fourth Circuit, the circumstances in *A Helping Hand* are materially distinguishable from this case and actually *support Defendants' position* that this Court should not allow Plaintiff to use a pseudonym in this litigation. In *A Helping Hand*, the operator of a private methadone treatment clinic filed suit on its own behalf using its own name against governmental parties, alleging that a zoning ordinance prohibiting the clinic from operating was unlawful. *Id.* at 358-361. Only later did three individual patients join the suit as "Doe" plaintiffs. *Id.* at 361. Unlike the Doe plaintiffs in *A Helping Hand*, who joined a lawsuit that had already been initiated against a governmental party by a named plaintiff on its own behalf, in this case Plaintiff himself undertook to commence this litigation solely on his own behalf against private parties. This is important because, as is discussed further below, the fourth *James* factor weighs *against* allowing a plaintiff to use a pseudonym when suing a private party.

For these reasons, the first *James* factor weighs <u>against</u> allowing Plaintiff to use pseudonyms in this case.

    B. <u>Risk of retaliation through identification</u>

The second *James* factor this Court must consider is "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties." *James*, 6 F.3d at 238. District courts in the Fourth Circuit have looked for evidence of a risk beyond the party's "bare assertion that he *could be* targeted for retaliation if his name were public." *See Doe*, 85 F.4th at 213-214 (emphasizing that plaintiff did not provide any evidence to district court in support of motion to use

7

pseudonym supporting his fears or showing he had already experienced retaliation). For the reasons explained below, this factor weighs against allowing Plaintiff to use pseudonyms in this case.

Plaintiff argues in his brief that the "sensitive and highly stigmatizing nature of Plaintiff's disabilities and substance use disclosed in the lawsuit supports allowing Plaintiff to proceed anonymously and to refer to his family members by first names only throughout the litigation to avoid retaliation and other harm to his health." As is explained more fully above in the discussion of the first *James* factor, Plaintiff merely cites general research to support his belief that stigma associated with a diagnosed SUD and drug use *could* disrupt his current care and his access to future care. Plaintiff does not allege that he has experienced any disruptions to his current care or has received suboptimal care due to his SUD during the year he has lived in his current nursing facility. (Compl., ECF No. 1, ¶ 9). Allowing Plaintiff to hide his identity in this litigation would not overcome the reality that Plaintiff cannot hide his medical records from a nursing facility in an effort to influence an admissions decision or decisions about his care. Those facilities that would presumably retaliate against Plaintiff or cause other harm to his health on the basis of his SUD or past or current drug use *either already know or will know his true identity*. Therefore, Plaintiff's assertion that his identity must be hidden in this litigation to avoid retaliation and other harm to his health is unfounded.

Additionally, Plaintiff has not offered any support for the bare assertion in his brief that the Court should allow him to "refer to his family members by first names only

8

throughout the litigation to avoid retaliation and other harm to his health." Plaintiff does not even speculate on how his family members might be retaliated against by association with this lawsuit or how identification of his family members could harm Plaintiff's health.

Therefore, the second *James* factor weighs <u>against</u> allowing Plaintiff to use pseudonyms in this case.

### C. *Age of person seeking pseudonym*

The third *James* factor considers the ages of the persons whose privacy interests are sought to be protected. *Doe*, 85 F.4th at 211. Plaintiff does not discuss this factor in his brief, perhaps because it weighs against anonymity in this case. However, this Court must consider all five factors. *See id*. When all the parties are adults, this factor weighs against a party seeking to use a pseudonym. *See id.* at 214-215 (upholding district court's conclusion that third *James* factor weigh against pseudonymity because all parties were adults and therefore not minors entitled to special protection based on age). Plaintiff does not allege that there are any minors involved in this case. Therefore, the third *James* factor weighs <u>against</u> allowing Plaintiff to use pseudonyms.

### D. *Whether action is against governmental or private party*

The fourth *James* factor considers whether the action is against a governmental or private party. *Doe*, 85 F.4th at 211. Plaintiff does not discuss the fourth *James* factor in his brief, perhaps because this factor also weighs against anonymity in this case. Again, this Court must consider all five factors. *See Doe*, 85 F.4th at 211. Courts in the Fourth Circuit are less likely to allow anonymity in lawsuits against private parties than in lawsuits

9

against governmental parties. *See id.* (upholding district court's conclusion that fourth *James* factor weighed significantly against allowing plaintiff to use pseudonym because plaintiff was suing private party).

This is a claim against private parties that Plaintiff himself has chosen to bring to this Court seeking monetary damages. "The fact that these are damages claims against private parties is not necessarily decisive in and of itself, but it takes this case outside the categories of cases in which courts have most often been willing to allow use of fictitious names." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) (noting that, unlike the victim in a criminal case, plaintiff was not caught up unwillingly in litigation in public courts but instead chose to initiate the action, and plaintiff did not claim he was an unwilling victim of unlawful government). Basic fairness dictates that an accuser who wishes to bring a lawsuit against a private party must do so under his real name, especially when the defendant is forced to litigate under its real name. *Doe*, 85 F.4th at 215 (citation omitted).

"[T]he mere filing of a civil lawsuit can have significant effects on a defendant." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) (citation omitted). "The public charges made in a civil lawsuit can cast a shadow over a defendant's reputation until the case is resolved." *Id.* The effects can be felt with lenders and other persons or institutions who associate themselves publicly with the defendant. *Id.* "A civil lawsuit can also lead to adverse publicity and can require defendants to disclose publicly certain information that they might prefer to keep private. But only rarely can a defendant in a

10

lawsuit remain anonymous, and certainly not where the plaintiff has chosen to file publicly a complaint naming the defendants but using a false name for himself." *Id.*

In this case, Plaintiff has chosen to hail private parties into a public forum alleging civil rights violations. As a result, Defendants are forced to endure the short-term and long-term negative consequences of civil litigation, which often include reputational harm, increased regulatory scrutiny, and staff morale and retention issues. Plaintiff now seeks an order prohibiting Defendants from using his real name while defending themselves publicly against his public accusations.

Therefore, the fourth *James* factor weighs <u>against</u> allowing Plaintiff to use pseudonyms in this case.

### E. *Risk of unfairness to opposing party of allowing pseudonym*

The fifth *James* factor considers "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Doe*, 85 F.4th at 211. Plaintiff argues in his brief that "Defendants will not be denied discovery or otherwise prejudiced if Plaintiff uses pseudonyms," and Plaintiff's use of pseudonyms would not "limit or inhibit Defendants' ability to pursue or obtain discovery." For the reasons explained below, the fifth *James* factor weighs <u>against</u> allowing Plaintiff to use pseudonyms in this case.

Allowing Plaintiff to litigate under a pseudonym and to refer to his family members only by their first names in this litigation would prejudice Defendants, including by causing difficulty and confusion in their case preparation and in discovery. Specifically, Defendants would be challenged in investigating the case, interviewing witnesses, and

11

taking discovery from nonparties. In *Doe v. Doe*, the Fourth Circuit upheld the district court's conclusion that fifth *James* factor weighed against allowing the plaintiff to use pseudonym due to the district court's concern that doing so could lead to difficulty and confusion for the defendant during discovery. *Doe*, 85 F.4th at 216; *see also Doe v. Trs. of Ind. Univ.*, 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022) (validating defendant's concerns about conducting third-party discovery if plaintiff used pseudonym).

Allowing Plaintiff to litigate under a pseudonym would also prejudice Defendants at trial. *See Doe v. Rose*, No. CV–15–07503–MWF–JCX, 2016 WL 9150620, at *3 (C.D. Cal. Sept. 22, 2016) ("Many courts have expressed the concern that allowing a plaintiff to proceed under a pseudonym at trial would communicate a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff." (marks and quotation omitted)); *see also Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) ("Looking ahead to the trial, the Court agrees that [defendant] could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously. A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account. Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing [defendant] . . .").

It is Plaintiff's burden to support his request to proceed using a pseudonym. However, he offers no argument as to how this Court can manage discovery to avoid

12

prejudice to Defendants, how Defendants could practically conduct discovery without Plaintiff's real name or the names of his family members, and how anonymity can be dealt with at trial. Nor does Plaintiff argue that he or his family members referenced in the complaint are known to Defendant. Even so, anonymity can create prejudice even when the defendant knows the identity of the plaintiff. *See Ind. Univ.*, 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022) (rejecting plaintiff's argument that because defendants were aware of plaintiff's identity, defendants would not be prejudiced by plaintiff's use of pseudonym).

Finally, this Court should fulfill its independent obligation to determine whether extraordinary circumstances justify Plaintiff's request to proceed using pseudonyms, by balancing his stated interest in anonymity against the public's interest in openness and the prejudice anonymity poses to Defendants. *See Doe,* 85 F.4th at 211 (citation omitted).

Plaintiff's stated interest in autonomy is "to ensure he is able to disclose highly sensitive information about his SUD and past or current substance use during this litigation without fear of jeopardizing his current 24-hour care or access to future care." Plaintiff's use of a pseudonym would not accomplish his stated interest in anonymity because, ***whether or not Plaintiff proceeds using a pseudonym or refers to his family members by their first names only in this litigation***, Plaintiff's medical records evidencing his SUD and past or current drug use cannot be concealed from his current residential nursing facility or any nursing facilities he applies to for admission in the future. If he applies to any facility, he will need to identify himself and provide access to his medical records. While it is possible that a nursing facility might make decisions about his admission or care

13

based on his SUD or drug use, this would be prompted by the facility's evaluation of his medical records or assessment of his medical condition, not from the facility's discovery that he was the plaintiff in this litigation.

Even if Plaintiff had established a strong interest in autonomy that could arguably be threatened by his identity being identified in this litigation, that interest would be outweighed by the prejudice that animosity would pose to Defendants and the public's interest in openness of these proceedings. Allowing Plaintiff to litigate under a pseudonym and to refer to his family members only by their first names would prejudice Defendants in their case preparation, in discovery, and at trial, and the public has an interest in knowing the names of litigants. The Fourth Circuit has cautioned against allowing pseudonymous litigation to undermine the public's right of access to judicial proceedings. *See Doe,* 85 F.4th at 210-211. Disclosing all litigants' names in this case will further the openness of judicial proceedings in this district. *See id.*

Plaintiff has not met his burden to establish that extraordinary circumstances justify denying the public interest in openness in judicial proceedings and overlooking the prejudice that anonymity would pose to Defendants. Therefore, this Court should exercise its discretion to not allow pseudonyms to be used in this case.

## CONCLUSION

This Court should deny Plaintiff's request to proceed using a pseudonym and to refer to his family members by first name only in this litigation, because every single *James* factor weighs against it. Plaintiff failed to meet his burden to show that extraordinary

14

circumstances justify denying the public interest in openness in judicial proceedings and overlooking the prejudice that anonymity would pose to Defendants throughout the litigation. This case does not involve exceptional circumstances where privacy or confidentiality concerns are sufficiently critical that Plaintiff should be allowed this "rare dispensation." *See Doe,* 85 F.4th at 211. Defendants respectfully urge the Court to deny Plaintiff's Motion for Leave to Proceed Using Pseudonyms.

## CERTIFICATION OF WORD COUNT

Undersigned counsel hereby certify that this brief contains 3,970 words and therefore complies with L.R. 7.3(d)(1).

This, the 29 day of May, 2025.

                                                      YOUNG MOORE AND HENDERSON, P.A.

                                                      By:    */s/ Christy C. Dunn*
                                                                 MATTHEW J. GRAY
                                                                 N.C. State Bar No. 31553
                                                                 CHRISTY C. DUNN
                                                                N.C. State Bar No. 54816
                                                                3101 Glenwood Avenue, Suite 200
                                                                Raleigh, NC  27612
                                                                (919)782-6860, Fax: (919)782-6753
                                                                Matthew.Gray@youngmoorelaw.com
                                                                Christy.Dunn@youngmoorelaw.com
                                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system which will serve same by sending notification to the attorneys shown below; and/or parties via U.S. mail, to:

Holly Stiles
Christopher A. Hodgson
Sara Harrington
DISABILITY RIGHTS NC
801 Corporate Center Drive, Suite 118
Raleigh, NC 27607
Holly.stiles@disabilityrightsnc.org
Chris.hodgson@disabilityrightsnc.org
Sara.harrington@disabilityrightsnc.org
*Attorneys for Plaintiff*

Sally Friedman
Rebekah Joab
LEGAL ACTION CENTER
225 Varick St. 4th Floor
New York, NY 10014
sfriedman@lac.org
rjoab@lac.org
*Special Appearance Counsel for Plaintiff*

Corporation Service Company
Registered Agent for Wellington Healthcare, L.L.C.
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608
*Defendant*

Corporation Service Company
Registered Agent for Consulate Management, III, L.L.C.
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608
*Defendant*

YOUNG MOORE AND HENDERSON, P.A.

By: */s/ Christy C. Dunn*
MATTHEW J. GRAY
N.C. State Bar No. 31553
CHRISTY C. DUNN
N.C. State Bar No. 54816
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
(919)782-6860, Fax: (919)782-6753
Matthew.Gray@youngmoorelaw.com
Christy.Dunn@youngmoorelaw.com
*Attorneys for Defendants*