IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL CASE NO. 1:25-cv-314

| | |
|---|---|
| JOHN DOE, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| SUNNYBROOK REHABILITATION CENTER, L.L.C., TREYBURN REHABILITATION CENTER, L.L.C., and SOUTHERN HEALTHCARE MANAGEMENT, L.L.C., | )    ORDER<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter comes before the Court on Plaintiff's Motion to Proceed Using Pseudonyms. Having considered the motion, the Court finds that good cause supports granting Plaintiff leave to proceed in this matter using pseudonyms for Plaintiff and first names only for any relatives identified in court filings, at least at this preliminary stage in the case.

> Pursuant to Federal Rule of Civil Procedure 10(a), a civil complaint "must name all the parties." The rule recognizes "the general presumption of openness of judicial proceedings," which has a basis both in common law and in the First Amendment. See James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. Public Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). We have explained that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." Public Citizen, 749 F.3d at 274 (internal citations omitted).
>
> Nevertheless, district courts may, in their discretion, allow pseudonymous litigation because "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this *rare* dispensation." James, 6 F.3d at 238 (emphasis supplied). To warrant this relief, the circumstances must be "exceptional." Pub. Citizen, 749 F.3d at 273.
>
> In James, we set out five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym:

> (1) "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties";
> (3) "the ages of the persons whose privacy interests are sought to be protected";
> (4) "whether the action is against a governmental or private party"; and,
> (5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."
>
> 6 F.3d at 238. We have also clarified that "a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749 F.3d at 274.

Doe v. Doe, 85 F.4th 206, 210-11 (4th Cir. 2023).

In the present case, Plaintiff alleges that he is an individual with substance use disorder and other disabilities who requires 24-hour care in a nursing home. Plaintiff notes that this litigation will require Plaintiff to reveal information of a highly sensitive and personal nature, including details about his condition, his treatment, and his other disabilities. Plaintiff further contends that past disclosures of this information endangered his access to care and his health and will jeopardize his access to future care. In addition, denying use of a pseudonym would result in wide public disclosures of Plaintiff's private health information, or would require ongoing requests for sealing of health records, imposing a significant burden on the parties and the Court.

Defendants oppose the request, noting that Plaintiff is an adult, that the case involves private parties, and that Plaintiff's medical records would have to be provided to future care facilities regardless of whether they are sealed or protected through use of a pseudonym in this

case. However, disclosure of all of Plaintiff's health records and information publicly in this case would result in much broader disclosure of Plaintiff's personal and sensitive health and medical information. Thus, the request appears to reflect attempts to protect privacy interests in sensitive and highly personal medical records, not just an attempt to avoid annoyance and criticism. In addition, Plaintiff has articulated reasonable concerns regarding how the disclosure could affect him and his family, including with respect to future access to care. Further, although Plaintiff is an adult, he alleges that he has disabling medical conditions rendering him completely dependent.

Finally, the Court notes that Defendants raise concern regarding prejudice with respect to the impact on discovery, and in particular whether such a requirement could lead to difficulty and confusion in discovery, especially in taking discovery from nonparties. The Court is sensitive to this request. However, it appears that this concern can be addressed by the parties and would ultimately be easier to address than ongoing sealing and redactions. Defendant is aware of Plaintiff's identity, and it appears that there would be no prejudice to Defendants as long as Plaintiff agrees that his identity can be revealed under seal or subject to appropriate confidentiality agreements to enable discovery to proceed.

At this point, based on the information submitted, the Court finds a sufficient showing of exceptional circumstances to allow the request, and the Court concludes that Plaintiff's identity, as well as those of any relatives, should be protected from public disclosure through the use of pseudonyms for Plaintiff and first names only for any relatives identified throughout this litigation, particularly in any public filings. In reaching this conclusion, the Court notes that it is likely that allowing Plaintiff to proceed using a pseudonym will reduce the amount of

3

Case 1:25-cv-00314-UA-JEP     Document 28     Filed 06/23/25     Page 3 of 4

material to be sealed, so that only his name and identifying details are redacted, allowing greater public access to the case. However, if the use of a pseudonym unfairly limits or burdens discovery for Defendants, the Court would need to re-assess this balancing. In addition, the Court leaves open the possibility that further developments in the case could shed additional light on these factors and address the balancing determination. Thus, to the extent Defendants contend that they would be prejudiced at trial, the Court can consider that issue further with the benefit of a fully developed record after dispositive motions are resolved.

Therefore, the Court will allow Plaintiff's request as a preliminary matter, but Plaintiff is cautioned that he must work with Defendants to ensure that discovery is not unduly burdened. Plaintiff is further cautioned that this issue can be revisited as the case progresses and as additional information is available to the Court, and can be reconsidered prior to trial as may be appropriate to address the concerns raised by Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed Using Pseudonyms [Doc. #14] is hereby GRANTED at this stage of the case, and all Parties shall proceed using pseudonyms for Plaintiff and first names only for any relatives identified throughout the litigation, but Plaintiff must work with Defendants to ensure that discovery is not unduly burdened, and this issue can be revisited as the case progresses and as additional information is available to the Court, particularly for trial.

This, the 23rd day of June, 2025.

                                                                                             /s/ Joi Elizabeth Peake
                                                                                             Joi Elizabeth Peake
                                                                                             United States Magistrate Judge